IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DAVID DUFFIN, et al., §
　§
　　　　　Plaintiffs, §
　§ Civil Action No. 3:18-CV-1322-D
VS. §
　§
OCWEN LOAN SERVICING, LLC, §
　§
　　　　　Defendant. §

MEMORANDUM OPINION
AND ORDER

Treating plaintiffs' motion for "new trial" as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), the court denies the motion.[1]

I

On January 22, 2018 plaintiffs David Duffin and Linda Duffin filed this action in state court against defendant Ocwen Loan Servicing, LLC ("Ocwen"). Ocwen removed the case to this court on May 24, 2018. On January 11, 2019 Ocwen filed a motion to dismiss the Duffins' state court petition. The Duffins did not respond to the motion. On February 11, 2019 the court granted Ocwen's motion to dismiss but also granted the Duffins leave to replead, stating, *inter alia*:

---

[1] Plaintiffs filed their motion on March 30, 2019, and defendants responded on May 2, 2019. Because the deadline for plaintiffs to file a reply brief has passed, the motion is ripe for decision.

> [p]laintiffs filed this case in state court, under the pleading standards that govern in that forum. They should be given an opportunity to replead under the federal pleading standards. *See, e.g., Hoffman v. L & M Arts*, 774 F.Supp.2d 826, 849 (N.D. Tex. 2011) (Fitzwater, C.J.) (granting similar relief in removed case). Accordingly, the court grants plaintiffs 28 days from the date this order is filed to file an amended complaint. If they fail to replead, this action will be dismissed based on defendant's January 11, 2019 motion. If they replead, defendant may move anew to dismiss, if it has a basis to do so.

Feb. 11, 2019 Order at 1-2. After the Duffins failed to replead, the court on March 18, 2019 entered an order and judgment dismissing this action with prejudice based on defendants' January 11, 2019 motion to dismiss.

On March 30, 2019 plaintiffs filed the instant motion for new trial. They explain that at the time the court granted Ocwen's motion to dismiss they were without counsel, and they argue that because the court on February 11, 2019 granted defendants' unopposed motion to extend the dispositive motion deadline until April 9, 2019, "it would be easy for the Pro Se Plaintiffs to be confused by the date they had to respond by. They likely thought they had until April 9, 2019 to respond." Ps. Br. 1. Plaintiffs also maintain that "[i]t would be easy to plead facts to present to the Court in order to repair the deficiency in Plaintiff's pleadings." *Id.*

II

As stated above, the court entered judgment on March 18, 2019. The Duffins filed their motion for "new trial" on March 30, 2019. Because the Duffins filed their motion within 28 days of the date the judgment was entered, the motion is properly considered as

a Rule 59(e) motion to alter or amend the judgment. *See* Rule 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); *see also, e.g., Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 n.1 (5th Cir. 1996) (addressing former rule in which applicable period was ten countable days).

The motion is not properly considered a motion for "new trial" because there was no trial. As this court has explained several times, including in *Artemis Seafood, Inc. v. Butcher's Choice, Inc.*, 1999 WL 1032798 (N.D. Tex. Nov. 10, 1999) (Fitzwater, J.):

> [a]lthough denominated as a motion for "new trial," it obviously is not such a motion. As Rule 59(a) makes clear, a motion for new trial is appropriate when the case has been tried to a jury or to the court. The court disposed of this case on motion for summary judgment. *See Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 n.1 (5th Cir. 1996) ("The Patins' reconsideration motion was styled as a motion for new trial, pursuant to Fed. R. Civ. P. 59(a), but was correctly analyzed and decided in the district court as a Rule 59(e) motion to reconsider entry of summary judgment.").

*Id.* at *1.

III

A

"The district court has considerable discretion in deciding whether to reopen a case under Rule 59(e)." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). In deciding the Duffins' motion, the court considers such factors as whether their failure to comply with the court's order was the result of excusable neglect, whether setting aside the judgment would prejudice the adversary, and whether the Duffins have a meritorious claim.

*See CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992).[2] "These factors are not 'talismanic,' and [the court] will consider others." *Id.* (quoting *In re Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992)). The ultimate inquiry remains whether the movants show good cause. *See id.* "The district court need not consider all of these factors." *Id.*

B

The court addresses first whether setting aside the judgment of dismissal would prejudice Ocwen.

A party who secures dismissal of a case will of course "suffer some form of prejudice anytime it obtains such relief and the opposing party is successful in having it set aside. The court must therefore assess whether the prejudice is *unfair*." *Artemis Seafood*, 1999 WL 1032798, at *3 (emphasis in original). If the court sets aside the judgment of this case, Ocwen will be required to defend a lawsuit that it would otherwise have been obligated to defend. This is not unfairly prejudicial to Ocwen, except to the extent it has been required to respond to the Duffins' present motion. As in *Artemis Seafood*, the court holds that if Ocwen is compensated for such fees and costs, the prejudice to Ocwen of granting the

---

[2]*CJC Holdings* actually states that the first factor is "whether the default was willful," *CJC Holdings*, 979 F.2d at 64, but it "suggest[s] that district courts should use the less subjective excusable neglect standard in the future[,]" *id*. Additionally, *CJC Holdings* discusses the existence of a meritorious *defense*. Because the Duffins are plaintiffs rather than defendants, this element is more aptly framed in the present case in terms of whether there is a meritorious *claim* rather than a meritorious *defense*. *See Drew v. Life Ins. Co. of N. Am.*, 2009 WL 1856604, at *2 n.2 (N.D. Tex. June 29, 2009) (Fitzwater, C.J.).

motion is not unfair.

C

The court considers next whether the Duffins have a meritorious claim.[3]

In their motion, the Duffins state that "[i]t would be easy to plead facts to present to the Court in order to repair the deficiency in Plaintiff's pleadings," and that they "believe that they have facts to present to the Court in support of their lawsuit against Defendant." Ps. Br. 1-2. But the Duffins make no attempt to identify the facts that they would assert against Ocwen if they were now permitted to replead. They merely advance the conclusory assertion that they *could* plead sufficient facts if permitted to do so. The court therefore holds that the Duffins have failed to demonstrate that they have a meritorious claim against Ocwen.

D

Finally, the court addresses whether the Duffins have established excusable neglect.

The Duffins' motion rests entirely on the argument that, as *pro se* plaintiffs, they "likely thought they had until April 9, 2019 to respond" to the court's February 11, 2019 order that they replead within 28 days. Ps. Br. 1. The court's order with regard to repleading, however, could not have been more clear. *See* Feb. 11, 2019 Order at 1 ("Accordingly, the court grants plaintiffs 28 days from the date this order is filed to file an amended complaint."). On the same date—February 11, 2019—the court entered an order granting defendant's unopposed motion to extend the dispositive motion deadline to April

---

[3]*See supra* note 2.

9, 2019.  The Duffins would have had to reasonably believe that, on the very same day that the court ordered them to file an amended complaint within 28 days, it also intended to extend that deadline to April 9, 2019 through an order that more generally addressed dispositive motions.

Moreover, to the extent the Duffins imply that their failure to respond should be excused due to the fact that they were not represented by counsel at the time,

> [t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.  One who proceeds pro se with full knowledge and understanding of the risks involved acquires no greater rights than a litigant represented by a lawyer, unless a liberal construction of properly filed pleadings be considered an enhanced right.  Rather, such a litigant acquiesces in and subjects himself to the established rules of practice and procedure.

*Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981) (per curiam) (citations omitted).

The mere *possibility* that the Duffins could have confused the deadline to replead with the deadline for filing dispositive motions is insufficient, without more, to establish excusable neglect under the facts of this case.

E

Considering the pertinent factors *in toto*, the court finds that the Duffins have failed to demonstrate good cause for setting aside the judgment of dismissal.

* * *

Treating the Duffins' March 30, 2019 motion for new trial as a Rule 59(e) motion to alter or amend the judgment, the motion is denied.

**SO ORDERED**.

June 3, 2019.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE